The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Neill Fuleihan and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such times, the employee-employer relationship existed between plaintiff and defendant employer.
3. At such times, defendant employer was self-insured with James C. Green Company as servicing agent.
4. Plaintiff has not worked for defendant or for anyone else since 24 January 1992, at which time plaintiff earned $8.25 per hour.
5. A bound volume of medical records, collectively marked as Stipulated Exhibit #1, are received into evidence.
6. A series of employment records from plaintiff's personnel file with defendant employer, collectively marked as Stipulated Exhibit #2, are received into evidence.
7. A Form 19, dated 10 January 1991, marked as Stipulated Exhibit #3, is received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is 49 years of age and has a high school diploma which she attained from Broughton High School following night high school course work. Plaintiff's prior employments consist of eleven years of employment as a production employee at Almay Cosmetics and employment as an assistant teacher in a day care center. Plaintiff began employment with defendant employer on 11 November 1987 and worked in various job capacities until 24 January 1992. Plaintiff's prior medical history is significant for right carpal tunnel syndrome while employed at Almay Cosmetics.
2. From the beginning of her employment with defendant employer plaintiff worked full time. She performed assembly work as a machine operator for the first year of her employment and then worked as a gluing operator until January of 1991. As a gluing operator, plaintiff would assemble parts by using her hands to handle and rotate small steel magnet-like parts in order to glue a shading coil onto them. Plaintiff would assemble 400 to 600 parts per eight-hour shift depending upon the size of the part.
3. In the summer of 1990, plaintiff began experiencing symptoms of pain in her left wrist after the end of her work shift, trouble lifting and grasping with her left hand which occurred primarily after work and while she was at home, and numbness and tingling in her left hand which occurred primarily after work and while she was at home, triggering of her left middle finger and right elbow pain.
4. Plaintiff first sought medical treatment for her left hand and wrist and right elbow symptoms in June of 1990. Between June of 1990 and 11 September 1990, plaintiff received regular, conservative medical treatment for her left hand and left wrist symptoms, including prescription of a left wrist splint, a Cortisone injection into her left wrist and, after providing a history of her assembly line work activities to her physician, restriction by her physician to light duty work avoiding repetitive activity.
5. On 11 September 1990, plaintiff had left carpal tunnel syndrome.
6. By 11 September 1990, plaintiff had been advised by competent medical authority that she had left carpal tunnel syndrome and that the same was work related.
7. From 11 September 1990 through 17 September 1990, plaintiff was unable to earn the wages she was earning on 11 September 1990 in the same or in any other employment as a result of her left carpal tunnel syndrome, during which time plaintiff took a leave-of-absence from her employment with defendant employer.
8. Plaintiff filed an Industrial Commission Form 18, Notice of Accident to Employer and Claim of Employee or his Personal Representative or Dependents, on 25 February 1993.
9. Plaintiff failed to file a claim for her left carpal tunnel syndrome both within two years of the date she was first advised by a competent medical authority that she had left carpal tunnel syndrome and that the same was work related, and within two years of the date on which she first became unable to earn the wages she was earning on 11 September 1990 in the same or in any other employment as a result of her left carpal tunnel syndrome.
10. There is insufficient evidence of record from which to determine by its greater weight that defendants induced plaintiff into any delay in filing a claim with the Industrial Commission within two years of being advised by a competent medical authority that she had left carpal tunnel syndrome and that the same was work related, and within two years of the date on which plaintiff first became unable to earn the wages she was earning on 11 September 1990 in the same or in any other employment as a result of her left carpal tunnel syndrome.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Proper filing of a claim by the employee within two years of being advised by a competent medical authority that the employee has an occupational disease and within two years of the date the employee first becomes disabled as a result of the occupational disease, is a condition precedent to jurisdiction by the North Carolina Industrial Commission. G.S. § 97-58.
2. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two-year period prescribed by G.S. § 97-58 for an occupational disease, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act for the same. G.S. § 97-58.
3. Defendant is not estopped to rely upon G.S. § 97-58 in bar of plaintiff's claim for occupational disease. G.S. § 97-58.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act for occupational disease must be, and the same is, DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs, except that defendant shall pay expert witness fees in the amount of $250.00 to Dr. A. Griswold Bevin and the previously authorized expert witness fee in the amount of $300.00 to Dr. Wallace F. Andrew.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp